No. 16,135.

BOGGS *v.* MCMICKLE.
(205 P. [2d] 642)

Decided April 4, 1949.

Mr. J. H. BOUTCHER, Mr. ALBERT COHEN, for plaintiff in error.

Mr. J. EMERY CHILTON, for defendant in error.

*In Department.*

MR. JUSTICE MOORE delivered the opinion of the court.

528

PLAINTIFF in error submits this cause for consideration by our court upon an "Abstract of Record" which consists of one brief paragraph in words and figures as follows: "This matter comes up from the court below upon the granting of a motion to dismiss the complaint of the Plaintiff in Error. Hereafter, parties will be designated in this brief as they were designated in the court below. Complaint was filed June 10, 1948 setting forth the contract which was alleged as a breach by the defendant resulting in damages to the plaintiff. (Folio 1-6 Inclusive); Photostatic copy of original contract (Folio 6); Order of court granting dismissal and judgment therein (Folio 10-13); Order dispensing with necessity of filing motion for new trial (Folio 14); Summons and designation of record in error, (Folio 15-20);"

Rule 115 (a) of our Rules of Civil Procedure, requires that plaintiff in error shall file with the clerk an abstract of record which "shall contain a brief statement of the contents of the pleadings, the judgment, and other essential parts of the record * * *." The paragraph hereinabove quoted is all that is offered by plaintiff in error in compliance with the rule. It is apparent that no information whatever is given by the foregoing "Abstract of Record" concerning the "contents of the pleading" or "other essential parts of the record," from which we can determine even the general nature of the action.

In fairness to counsel and litigants in other causes, we cannot permit such total disregard of our rules as is here exhibited. For gross insufficiency of the purported abstract of record, and for complete failure to comply with the mandatory provisions of our Rules of Civil Procedure relating to reviews by this court, the writ of error is hereby ordered dismissed on the court's own motion.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE JACKSON concur.